UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| E-BEAM SERVICES, INC., | : | CIVIL ACTION NO. 08-4548 (MLC) |
| | : | |
| Plaintiff, | : | **ORDER & ORDER TO SHOW CAUSE** |
| | : | |
| v. | : | |
| | : | |
| XL FOAM, LLC, | : | |
| | : | |
| Defendant. | : | |

**THE PLAINTIFF** — E-Beam Services, Inc. ("EBS") — bringing this action in state court on August 15, 2008, to recover damages under state law, e.g., breach of contract (dkt. entry no. 1, Compl.); and the defendant — XL Foam, LLC ("XLLC") — (1) removing the action based on jurisdiction under 28 U.S.C. § ("Section") 1332, and (2) bearing the burden of demonstrating jurisdiction (dkt. entry no. 1, Rmv. Not.), see 28 U.S.C. § 1446(a); and the Court being authorized to examine jurisdiction and remand the action sua sponte, 28 U.S.C. § 1447(c); and

**XLLC** alleging that EBS is a "New Jersey Corporation with a headquarters in . . . New Jersey" (Rmv. Not. at 3); but it appearing that a corporation is deemed a citizen of where it (1) is incorporated, and (2) has its principal place of business, see 28 U.S.C. § 1332(c)(1); and XLLC failing to allege where EBS has "its" principal place of business, and thus "fail[ing] to properly plead diversity jurisdiction", Gargiulo v. Dessauer, No. 04-1206, 2004 WL 966240, at *2 (E.D. Pa. May 5, 2004); see S.

Freedman & Co. v. Raab, 180 Fed.Appx. 316, 320-21 (3d Cir. 2006) (stating same); and

XLLC further alleging that it is "a Delaware limited liability corporation, with its principal place of business in . . . Rhode Island" (Rmv. Not. at 3); but it appearing that XLLC is a limited liability company (see Compl., Ex. A, Bill of Sale at 1, 5 (listing XLLC as limited liability company and executed by its "member")); and thus XLLC providing an allegation as to its own citizenship that — in addition to being inaccurate — is "meaningless", Preferred Merch. Hood v. Fam. Dollar, No. 06-67, 2006 WL 1134915, at *1 (D.N.H. Apr. 25, 2006); see Brown v. Walker, No. 06-218, 2008 WL 189570, at *4 (N.D. Ind. Jan. 22, 2008) (stating such allegation "says nothing" about party's citizenship), as limited liability companies are (1) unincorporated associations, and (2) deemed citizens of each state in which their members are citizens, not the states in which they were formed or have their principal places of business, Carden v. Arkoma Assocs., 494 U.S. 185, 195-97 (1990); see REP MCR Realty v. Lynch, 200 Fed.Appx. 592, 594 (7th Cir. 2006) (stating Delaware limited liability company assumes citizenship of its members); Polak v. Kobayashi, No. 05-330, 2005 WL 2008306, at *2 (D. Del. Aug. 22, 2005) (same); and it appearing also that the citizenship of each membership layer must be traced and analyzed to determine a limited liability company's

2

citizenship, <u>Belleville Catering Co. v. Champaign Mkt. Place</u>, 350 F.3d 691, 693 (7th Cir. 2003); <u>Hart v. Terminex Int'l</u>, 336 F.3d 541, 543 (7th Cir. 2003); and

**THE COURT**, due to XLLC's deficient allegations, being unable to discern if XLLC is deemed a citizen of a different state or different states in relation to EBS, <u>see</u> 28 U.S.C. § 1332(a)(1); and it appearing that a jurisdictional challenge is measured "against the state of facts that existed at the time of filing — whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal", <u>Grupo Dataflux v. Atlas Global Group</u>, 541 U.S. 567, 571 (2004); and the Court intending to remand the action unless XLLC properly (1) lists the names — and provides supporting documentation tracing and analyzing the citizenship — of each member of XLLC on August 15, 2008, (2) lists — and provides documentation showing — where EBS was incorporated and had its principal place of business on August 15, 2008, and (3) demonstrates that jurisdiction under Section 1332 existed on August 15, 2008;[1] and the Court advising XLLC that a response as to the current citizenship of each party,

---

[1] Westlaw's Corporate Records library and EBS's website reveal that EBS's principal place of business may be in Ohio. Thus, EBS may be deemed to be a citizen of both New Jersey and Ohio.

3

as opposed to citizenship when the action was first brought in state court, will be insufficient;[2] and

**XLLC BEING CAUTIONED** against restating the complaint's allegations; and XLLC being advised that allegations as to where a member resides, is licensed, or has a place of business — as opposed to is a citizen or domiciled — will not properly invoke the Court's jurisdiction, see Cruz v. Pennsylvania, 277 Fed.Appx. 160, 162 (3d Cir. 2008); Guerrino v. Ohio Cas. Ins. Co., 423 F.2d 419, 421 (3d Cir. 1970); and the Court advising XLLC that a response based upon information and belief, an assertion that is not specific (e.g., citizen of "a state other than New Jersey or Ohio"), or a request for time to discern jurisdiction, will result in the remand of the action, see Freedman, 180 Fed.Appx.

---

[2] EBS has no obligation to demonstrate jurisdiction, as the burden of doing so falls on the removing party, XLLC. Also, it is XLLC's duty to ascertain jurisdiction, as well as its own membership, before choosing to remove an action to federal court. XLLC will refrain from merely providing the names of its officers or managing members, as non-managing members also must be listed. Further, XLLC will refrain from asserting confidentiality for any member. See Belleville, 350 F.3d at 693 (stating "[i]t is not possible to litigate under the diversity jurisdiction with details kept confidential from the judiciary"); Emerald Investors Trust v. Gaunt Parsippany Partners, 492 F.3d 192, 207 n.22 (3d Cir. 2007) (rejecting, in jurisdictional analysis, partnership's "attempts to keep the identity of its limited partners confidential insofar as possible", as "the district court must know who they are and where they are citizens and its need for that information will trump [that partnership's] policies").

4

at 320 (stating citizenship to be alleged "affirmatively and distinctly"); Vail v. Doe, 39 F.Supp.2d 477, 477 (D.N.J. 1999) (stating citizenship allegation based upon information and belief "does not convince the Court that there is diversity among the parties"); and it appearing that, as XLLC is represented by counsel, the Court "should not need to underscore the importance of adequately pleading and proving diversity", CGB Occ. Therapy v. RHA Health Servs., 357 F.3d 375, 382 n.6 (3d Cir. 2004); and for good cause appearing;

**IT IS THEREFORE** on this     12th     day of November, 2008 **ORDERED** that the pending motion for summary judgment (dkt. entry no. 16) is **DENIED WITHOUT PREJUDICE,** and with leave to the movant to move again upon a new notice of motion and, if necessary, new papers in support thereof; and

**IT IS FURTHER ORDERED** that the defendant shall **SHOW CAUSE** why the action should not be remanded to state court for lack of jurisdiction under 28 U.S.C. § 1332; and

**IT IS FURTHER ORDERED** that the defendant, if responding, must file a response with the Court electronically by 5 P.M. on December 11, 2008;[3] and

**IT IS FURTHER ORDERED** that **NO ENLARGEMENTS OF TIME WILL BE GRANTED** to respond, even with the consent of all parties, barring extraordinary circumstances;[4] and

---

[3]  The Court will disregard responses that are not filed electronically.

[4]  Extraordinary circumstances do not include: (1) upcoming legal or religious holidays, (2) the parties or counsel being on vacation when this order to show cause was issued, or upcoming vacation plans, (3) difficulty in registering for electronic filing, (4) difficulty in complying with the electronic filing rules, (5) time to conduct discovery, (6) difficulty with a computer or internet access, or (7) any purported failure to be timely notified of this inquiry.  These dates have been set accordingly.  See Freedman, 180 Fed.Appx. at 317-20 (noting district court, in sua sponte inquiry on jurisdiction, provided party only seven days to respond).

**IT IS FURTHER ORDERED** that if the defendant fails to respond to this order to show cause, then the defendant will be deemed to be in support of remand; and

**IT IS FURTHER ORDERED** that this order to show cause will be decided on **FRIDAY, DECEMBER 12, 2008,** or soon thereafter, without oral argument pursuant to Federal Rule of Civil Procedure 78(b).


                                   s/ Mary L. Cooper
                              **MARY L. COOPER**
                              United States District Judge

7